The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: April 11 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-32367 |
| | ) | |
| Marilee Hockenberger, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING DETERMINATION
### UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1(h)

In accordance with the memorandum of decision separately entered by the court, for good cause shown,

**IT IS ORDERED** that Debtor's motion to determine whether she has cured a prepetition mortgage default and paid all required postpetition amounts [Doc. # 82] is **GRANTED** in part and **DENIED** in part, as set forth below; and

**IT IS FURTHER ORDERED** and the court hereby finds and declares that:

1. Debtor Marilee Hockenberger has paid in full the amount required to cure the mortgage arrearage owed on and as of May 21, 2012, on account of the mortgage note now held by U.S. Bank Trust National Association that is secured by her residence located at 3777 Treelawn Dr., Toledo, Ohio 43614.

2. Debtor Marilee Hockenberger has not paid all required postpetition amounts due on account of

the mortgage note now held by U.S. Bank Trust National Association that is secured by her residence located at 3777 Treelawn Dr., Toledo, Ohio 43614, and owes U.S. Bank Trust National Association a postpetition mortgage arrearage in the amount of $38,658.85 as of June 21, 2017.

3. U.S. Bank National Association, its predecessors, successors and assigns is prohibited from collecting or attempting to collect from Debtor or her property any amount greater than $38,658.85 for the time period ending June 21, 2017, all amounts greater than that having been waived and/or cured by Debtor's completion of her confirmed Chapter 13 plan. To the extent there exists any other postpetition amounts through June 21, 2017, for fees, charges, and/or expenses that U.S. Bank National Association, its predecessors, successors and assigns might assert were incurred in connection with Claim No. 5-1 in this case and are recoverable against Debtor or her property, these sums are deemed waived, cancelled and discharged.

###